Black *v.* Kirgan.

---

### JOHN BLACK v. DAVID KIRGAN.

The statute, *Rev. Laws,* 401, has made no change in the common law, respecting who may have a writ of error. The damage or grievance contemplated, as well by our statute as by the common law, which entitles a party to a writ of error, is a direct and positive one, effected by the judgment, concluding and acting upon the rights of the party. The damage must be by the record, and not in consequence of it.

The plaintiff, in error, must be entitled to restitution of the thing lost by the record. All the persons entitled to bring a writ of error, must join in the writ; or there must be summons and severance. No person can bring error, but he who is party or privy to the record, and competent to release the error.

A writ of error had been issued in this case, directed to the Common Pleas of the county of Burlington. On the return of the writ, *H. W. Green,* for the defendant in error, moved to quash the writ, on three grounds :—

I. Because the writ is defective. It says, " to the great damage of John Whitaker," without shewing in what right or character, he makes himself plaintiff in error.

II. Because admitting Whitaker to be a judgment creditor of Black, the defendant below, (as by his assignment of errors, he represents himself to be,) yet he is not, as such, entitled to sue out this writ.

III. Because the judgment sought to be reversed, was entered

up upon confession, in a summary way, according to the statute, and not therefore, the subject of error.

*W. Halsted, contra.*

HORNBLOWER, C. J. The writ is clearly defective on the face of it. Who is John Whitaker? How does he stand connected with the plaintiff in error; or how injured or affected by the judgment? The plaintiff in every writ, must sue it out, in a name or character, which if true, *prima facie*, entitles him to the writ. But who is the plaintiff in error, in this case?— Whitaker, or Black the defendant below? If Black is in life, nobody can have error but he; and then the writ should be to *his great damage*—and if by the death of Black, Whitaker has become interested in, or injured by the judgment, the writ should show how injured, or in what character he sues. It was indeed suggested by the counsel for the plaintiff, that a writ of error is amendable by the statute, *Rev. Laws*, 140, *Section* 14. This is true. If there is " any variance from the original record, or other defect," it may be " amended and made agreeable to such record "—and I will not say, that upon the prayer of the plaintiff, we might not amend this writ, by inserting " to the great damage of Black," the defendant in the original record. But that is not what the plaintiff wants. It would not help him; for if Black is the plaintiff in error, he may release the errors. *Russell* v. *Kip, 5 Johns. R.* 89, 100.

B :t the plaintiff would have us amend, by inserting in the writ, after the name of John Whitaker, the words, " who claims to be a creditor," or " a judgment creditor of the said Black." Such an amendment, however, would be of no use, unless a creditor of a defendant, in a judgment at law, is entitled to bring a writ of error to reverse such judgment. And hence it becomes necessary to consider,

2dly, Whether a judgment creditor can maintain a writ of error to reverse a judgment obtained against his debtor?

The counsel for the plaintiff, admits that he is without case or authority—that if we are to be governed by the books, the writ in this case, cannot be supported; but he puts himself upon the broad terms of our statute respecting writs of error, *Rev. Laws*, 401, *Section* 5. By that statute, a writ of error is to issue out

of this court, "at the instance of the state, or of any party, his legal representative, or *other person who may be damnified or aggrieved*, by any judgment rendered or to be rendered, in any of the Courts of Common Pleas." If a writ of error derived its existence from the statute, and had been unknown to the courts, previous to its passage, still we should be obliged by judicial construction, to fix *some limit* to the broad and comprehensive terms employed by the Legislature. It would not even then be pretended that every person who might be " *damnified* or *aggrieved*," however *incidentally* or *remotely*, should be at liberty to come into court, upon a writ of error, and seek a reversal of the judgment—not only creditors of a defendant but his children, his widow, his dependents, nay, the very township, upon which the influence of the judgment may cast him as a pauper, all and each of them, may be said in a general sense, to be damnified or aggrieved, by a judgment against him. But the writ of error lay at the common law. It is a writ of right; grantable, *ex debito justitiæ.* We must look then into the common law, to ascertain who may bring error, and when it may be brought.

One of the first rules upon the subject is, that the plaintiff in error must be able to say, that the judgment is "*ad damnum.*" *Law of Errors*, 3. But this does not mean that the plaintiff, in error, has sustained some incidental or consequential damage; some injury that the judgment itself did not inflict, and which the party would not have felt, but for some other circumstance that has intervened. My debtor may not be able to satisfy me, in consequence of his debtor having been ruined by an erroneous judgment obtained against him. Shall I therefore, have error, to get that judgment out of the way of my debtor, that so I may reach my debt? Certainly not; for though I am injured by that judgment, it is an indirect injury; altogether incidental, and not flowing immediately from the judgment. *The damage or grievance* contemplated, as well by our statute as by the common law, which entitles the party to a writ of error, is a direct and positive one, effected by the judgment concluding and acting upon the rights of the party. The *damage* must be "*by the record*," not in consequence of it. *Law of Errors.*

Another rule is, that the plaintiff in error, must be entitled to *restitution* of the thing *lost* by the record. *Law of Errors* 3-4.

But what has Whitaker *lost by* this record, to which the court can restore him?

Again: all the persons entitled to bring a writ of error, must join in the writ; or there must be summons and severance—otherwise there must be several writs of error, and so the plaintiff below, be delayed. 2 *Bac. Abr.* 461; *Gwill. ed. tit. Error.*

But if one creditor may have error, so may another, and another. They must all therefore join; or else, after an affirmance at the suit of one, another and successive writs of error may be brought.

Again—no person can bring error, but he who is party or privy to the record, and competent to *release* the error. 2 *Saund.* 46 *in note,* 1 *Wils. R.* 255, 5 *Johns. R.* 85, 100, and cases there cited—and accordingly it was held, that in an action for an escape, the Sheriff should not protect himself by any error in the process or original suit. 1 *Wils.* 255, and 5 *Johns. R.* 89.

Sergeant Williams, in 2 *Saund.* 46, *n.* 6, says—"no person can bring a writ of error, unless he is *party* or *privy* to the record, or is prejudiced by the judgment, the *rule* being, that a writ of error can only be brought by *him* who would have had *the thing,* if the erroneous judgment had not been given." The expression used by Sergeant Williams, and indeed to be found in all the books—" *or person prejudiced* by the judgment, is as comprehensive as the terms " or *other person damnified or aggrieved* by the judgment," used in our statute. Yet, by the " person prejudiced by the judgment," is not intended any person who may happen incidentally to be prejudiced by it; but the person, *who would have had the thing,* but for the erroneous judgment. Now what was *the thing* in dispute in the action between Kirgan and Black? Not the lands nor the goods and chattels of Black. They are *the things* which Whitaker is pursuing; but the judgment did not decide the title to them. *The thing* in question, was *a certain* debt due from

Black to Kirgan. Now if Whitaker would have had *that debt,* but for this judgment, then he may have error.

It is unnecessary, however, to pursue this subject, for the plaintiff's counsel admits, that if our statute has not introduced a new rule, as to writs of error, he must fail; and I am clearly of opinion that it has not. In principle and practice, the doctrine contended for, would be extremely iniquitous. An erroneous and even a fraudulent judgment creditor, might defeat an honest plaintiff who had established his debt, at the end of a tedious and expensive law suit.

I will only add, that no writ of error can in any case be sued by a third person, while the original parties to the record are alive, except such writ is expressly given by statute; as in the case of a reversioner or remainder man, after a recovery against the tenant for life, by force of 9 *R.* 2 *ch.* 3, 2 *Saund.* 46 *n.* 6. *Marquis of Winchester's case* 3 *Co.* 4 *a ; 5 Mod.* 397.

Where the writ of error is not prosecuted by the party on the record, but by the heir or other representative, or person entitled to it, by privity of estate or interest, the character in which he sues, must appear on the writ. So are the precedents, and such is the reason of the thing. Though, if heir, he need not in all cases, show, how he is heir. *William* v. *Gwyn,* 2 *Saund.* 46. *and in n.* 6.

It is not necessary to express any opinion upon ᵤₐₑ last objection taken by the defendant's counsel, though I think it has no foundation.

For the reasons given, the writ of error in this case, must be quashed, with costs.

FORD, J. This writ of error, on a judgment of David Kirgan against John Black, does not conclude to the damage of John Black, nor is it sued by him, but to the great damage of John Whitaker.

No person can have a writ of error, on a judgment, unless, according to the common law, " he be a *party* or *privy* to the record, or be *injured* by the judgment." *Bac. Ab. Error, B.* The statute, which is merely an affirmance of the common law, is to the same effect; " any *party,* or his legal *representative,* or other person who may be *damnified* or *injured* by a judg-

Black *v.* Kirgan.

ment, may sue forth a writ of error." *Rev. Laws*, 400, *Section* 2. Mr. Whitaker does not pretend that he is a *party* or the legal *representative* of one, or a *privy* to the record, but he says he is *injured, damnified and aggrieved by the judgment*, as a creditor of John Black. How he is such creditor, is not stated in the body of the writ, but it is shown collaterally ; he has an execution levied on the property of John Black; but David Kirgan has a prior one, which Mr. Whitaker wishes to reverse and remove out of the way, so as to gain a preference for his own, and he alleges that the prior judgment injures and damnifies him.

Now this judgment can be *no injury*, in the legal sense of the word, to Mr. Whitaker, whether it be just, fraudulent or irregular.

If a *just* judgment, obtained *bona fide* by one creditor, could be a legal injury to another, no creditor could ever have a just judgment, for it would be an injury to somebody. If Kirgan's be an injury to Whitaker, then Whitaker's must be an injury to those creditors who are subsequent to him, and it would follow that no creditor could have a just judgment, without committing an injury in law. The proposition is therefore utterly fallacious.

If it be a fraudulent judgment, it is void as against creditors, by the statute of frauds, and a judgment already void, can be no *injury* to them. But it cannot be avoided on a writ of error, where the court must judge by the record alone, and cannot look at anything behind it. This is not the mode of resisting a fraudulent judgment. The *merits* must be brought before the court, by affidavits, on a *motion* to set it aside, as in the case of *Barrow* v. *Bispham*, 6 *Halst.* 110 ; or *Reed* v. *Bainbridge*, 1 *South.* 351 ; or *Matthews* v. *Warne*, 6 *Halst.* 295, or by treating it as a nullity. Fraud cannot be alleged in a writ of error, unless it appear on the face of the record itself. But supposing it to be fraudulent, as against creditors, *it is a nullity*, and can do them no harm.

So an irregular judgment against Black, can be no injury or damage to Whitaker, who is a third person. Suppose that there has been some omission, misprision, mistake or slip of the pen, in the form of entering it up, they do not affect the merits and

Black *v.* Kirgan.

justice of the judgment; therefore, they cannot injure or damnify Mr. Whitaker. An amendment or release would cure them all. They might be to the injury of Black the defendant; but exactly the contrary as respects Mr. Whitaker. If he could take advantage of them, so as to put Kirgan's judgment aside, and gain a preference for his own, these irregularities would be to Mr. Whitaker's *benefit* instead of *injury;* the conclusion in the writ, that they are to his *damage*, would be an untruth, on the face of it.

The statute has made no change in the common law, respecting who may have a writ of error. There is a privity of *person*, between a deceased party and his legal representative. So an heir, remainder-man, reversioner, and in some cases, tertenant, are privies in estate; the execution may go against their lands, and damnify them; therefore they may have a writ of error; but Kirgan, by virtue of his judgment, cannot have an execution against Whitaker or his property. All he fears is, that it may prevent his getting Black's property. The injury is not to his person or his estate. It is only to his hopes. If this were allowable, then children might have a writ of error to reverse a judgment against their father; the township to reverse one against a pauper; a Sheriff to reverse a judgment, after he had been amerced for neglecting to bring the money into court, on an execution; or bail, after they had been fixed, to reverse the judgment against their principal. If one creditor might bring a writ of error to reverse the judgment of another, so might every one, and there might be as many writs of error, as there were creditors. But a man who is neither *party* nor *privy* in person or estate, cannot be damnified by the judgment, and therefore shall not have a writ of error. This is the settled rule as stated in *Com. Dig. Pleader* 3 *B.* 9, and therefore, this writ of error must be quashed.

RYERSON, J. concurred.

*Writ quashed.*

CITED in *Evans* v. *Adams*, 3 *Gr.* 374; *Sherer* v. *Collins*, 2 *Harr.* 182; *Reynolds* v. *Silvers*, 2 *Harr.* 278; *Clapp* v. *Ely*, 3 *Dutch.* 575.